UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENTON LIPSCOMB,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS AIR FORCE BASE, *et al.*,<br><br>Defendants. | Case Nos.   1:24-cv-01305-JLT-CDB<br>                        1:24-cv-01306-CDB<br>                        1:24-cv-01307-CDB<br>                        1:24-cv-01308-JLT-CDB<br><br>ORDER TO SHOW CAUSE WHY THESE CASES SHOULD NOT BE CONSOLIDATED WITH RELATED ACTIONS OR WHY RELATED ACTIONS SHOULD NOT BE DISMISSED<br><br>(Doc. 1)<br><br><u>21-DAY DEADLINE</u> |

Plaintiff Brenton Lipscomb ("Plaintiff") initiated these four actions with the filing of four separate complaints and associated applications to proceed *in forma pauperis* on October 25, 2024. (Docs. 1, 2). *See* Case Numbers: 1:24-cv-01305-JLT-CDB ("Action 1305"), 1:24-cv-01306-CDB ("Action 1306"), 1:24-cv-01307-CDB ("Action 1307"), and 1:24-cv-01308-JLT-CDB ("Action 1308").

It appears that Plaintiff's complaints in these actions allege substantially similar facts and nearly identical causes of action against related defendants. *See* (Doc. 1). From review of the four complaints, it appears they are duplicative and it may therefore be appropriate to either consolidate the actions into a single action or dismiss three of actions and proceed with Action

1308 as the action encompassing the broadest set of allegations applicable to all defendants and claims. As such, the Court orders Plaintiff to show cause why (1) all four actions should not be consolidated, and (2) why three of the actions (Action 1305, Action 1306, and Action 1307) should not be dismissed, with Action 1308 remaining as the operative case.

## I. APPLICABLE LAW

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

## II. DISCUSSION

### a. Named Parties

Three of the defendants identified in Plaintiff's actions (Edwards Air Force Base, Frank Kendall, III, and Heather Wilson) are named defendants in all four actions. Action 1305 includes

the aforementioned three parties plus Frances Morris; Action 1306 includes the above three plus Maurice McKoy; and Action 1307 includes the above three plus Jamason Edwards. Action 1308 includes all the named parties in the other three actions; that is, Edwards Air Force Base, Frank Kendall, III, Heather Wilson, Frances Morris, Maurice McKoy, and Jamason Edwards. *See* (Doc. 1).

### b. Alleged Causes of Action

In Action 1308, Plaintiff raises seven causes of action: whistleblower retaliation pursuant to 5 U.S.C. section 2303, Title VII of the Civil Rights Act – harassment (race), Title VII of the Civil Rights Act – harassment (color), Title VII of the Civil Rights Act – harassment (sexual orientation and gender), Title VII of the Civil Rights Act – retaliation, Title VI of the Civil Rights Act – discrimination by recipient of federal financial assistance/funding, and Title VII of the Civil Rights Act – sexual harassment in an employment context. *See* (Doc. 1).

The other three actions raise the same seven causes of action. Action 1305 (Doc. 1 at 50-55); Action 1306 (Doc. 1 at 50-56); Action 1307 (Doc. 1 at 49-55).

### c. Alleged Facts

Plaintiff's four complaints are lengthy, each numbering at or around 55 pages with approximately 80 additional pages of exhibits. Upon a general review of the complaints, all four actions appear to arise from a substantially similar common set of facts. The below citations are to the complaint filed in Action 1306.

In brief, Plaintiff appears to allege that he was hired as a supervisory financial management specialist at Edwards Air Force Base. Action 1306 (Doc. 1 at 10). Plaintiff moved in together with Jamason Edwards ("J. Edwards"), a co-worker, and Major Maurice McKoy, a supervisor. *Id.* at 12. Plaintiff and J. Edwards then moved into a rented home and began a sexual relationship, which they kept hidden from McKoy. *Id.* at 14-15. McKoy would visit and at times J. Edwards would stay in the same room as McKoy. *Id.* at 16. Plaintiff and McKoy had an argument at Plaintiff's home regarding Plaintiff's work performance and his "having an alliance" with other employees. *Id.* at 17. Afterwards, McKoy revoked permission for Plaintiff to attend a training via teleconference. *Id.* at 17-18. McKoy and J. Edwards would take flights together, with

McKoy covering J. Edwards airfare; Plaintiff was reluctant to join for professional and financial reasons and was then "asked/forced" to watch McKoy's dog. *Id.* at 20.

Plaintiff and J. Edwards moved to Los Angeles together. *Id.* They continued to hide their relationship from McKoy and attempted to hide their common address, but "McKoy knew they were living in the same house." At this time, Plaintiff and J. Edwards were under a situational telework agreement. *Id.* at 21.

After learning of Plaintiff and J. Edwards move to Los Angeles, McKoy attempted to transition the telework agreement to a "zero tolerance" stance, but this was rejected by leadership. McKoy was given approval to reduce Plaintiff's and Edward's telework days from three a week to two a week. J. Edwards began staying at McKoy's home during the weekdays and in Los Angeles with Plaintiff on weekends. *Id.*

McKoy expressed frustrations with Plaintiff's intern and indicated the intern would be terminated in late 2022. *Id.* at 22. McKoy ostracized Plaintiff from leadership meetings and created an aggressive work environment. *Id.* at 23. McKoy began harassing the Plaintiff. *Id.* at 25. It appears Plaintiff was in favor of hiring his intern and was directed to do so by the Employee Management Relations ("EMR") office, but this was denied in strong language by McKoy. *Id.* at 27. Plaintiff's intern was hired, as McKoy was "forced" to do so. Immediately after, McKoy requested a meeting with Plaintiff where Plaintiff was told he had the option to resign or accept a reassignment. *Id.* at 29.

Plaintiff was told by McKoy that J. Edwards would decide his new role. *Id.* at 30. Plaintiff was communicating with Department of Defense Office of Inspector General ("DODIG") employee Linda Webb who then attempted to initiate a sexual relationship. When Plaintiff refused, she began attempting to "force a relationship" between the Plaintiff and her nephew. *Id.* at 31-32. Plaintiff received notice of his reassignment and that he would be detailed to J. Edwards. J. Edwards moved out of his and Plaintiff's home in Los Angeles. *Id.* at 32-33.

Plaintiff details his disclosure of McKoy's and J. Edwards' abuse of authority, preferential treatment, and improper hiring practices to his immediate supervisor, Frances Morris, along with numerous other disclosures to other individuals and the Judge Advocate General. *Id.* at 33-47.

Plaintiff was terminated on June 29, 2023. *Id.* at 47.

The Court notes there seem to be only minor variations across the four complaints and that all four of Plaintiff's complaints allege a substantially similar set of facts.

### III.     CONCLUSION AND ORDER

It appears that Action 1308 includes all parties that are named in Plaintiff's three other actions. Since the allegations, parties, and causes of action are substantially similar across all four actions, the Court will order Plaintiff to show cause why these actions should not be consolidated or why the three related actions should not be dismissed as duplicative of Action 1308.

Accordingly, it is HEREBY ORDERED that within 21 days from the date of this order, Plaintiff shall show cause in writing:

1. Why Plaintiff's four cases (1:24-cv-01305-JLT-CDB, 1:24-cv-01306-CDB, 1:24-cv-01307-CDB, and 1:24-cv-01308-JLT-CDB) should not be consolidated; and
2. Why the related actions should not be dismissed as duplicative of Case Number 1:24-cv-01308-JLT-CDB.

**Failure to timely comply with this Order will result in the imposition of sanctions, up to and including a recommendation to the assigned district judge that these actions should be dismissed.**

IT IS SO ORDERED.

Dated:  **October 30, 2024**                        _____
                                                                                UNITED STATES MAGISTRATE JUDGE

5